UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AGUIAR,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 2:24-cv-02403-TLN-CSK<br><br>ORDER GRANTING AMENDED<br>STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 32) |

      The parties filed a joint motion for entry of protective order[1] on December 13, 2024 (ECF No. 29), which the Court declined to approve because it did not comply with Local Rule 141.1(c) (ECF No. 31). The parties filed the second joint motion for entry of protective order below (ECF No. 32), which the Court has reviewed and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the amended protective order, subject to the following clarification.

      The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus,

---

[1]  Because the parties agreed to the protective order, the Court reviewed this as a stipulated protective order.

1  the Court will not retain jurisdiction over this protective order once the case is closed.

2  Dated:  January 3, 2025

3  _____
   CHI SOO KIM

4  UNITED STATES MAGISTRATE JUDGE

5  5, agui.2403.24

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jenna Dakroub, CA # 350170
**CONSUMER JUSTICE LAW FIRM**
16130 Ventura Blvd., Suite 300
Encino, CA 91436
T: (602) 807-1525
F: (480) 613-7733
E: jdakroub@consumerjustice.com

*Attorney for Plaintiff*
*Steven Aguiar*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Steven Aguiar, | Case No.: 2:24-cv-02403-TLN-CSK |
| Plaintiff, | District Judge Troy L. Nunley |
| v. | |
| Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union LLC, Newrez LLC d/b/a Shellpoint Mortgage Servicing | |
| Defendants. | |

**AGREED PROTECTIVE ORDER**

The parties to this action have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

**1    Scope.**

    (a)    This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

    (b)    This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to

make such designation, shall constitute evidence with respect to any issue in this action.

    (c)    Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

    (d)    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this Order at any time in the interest of justice

**2**    **Definitions.**  As used in this protective order:

    (a)    "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;

    (b)    "confidential" means a document reasonably designated as confidential or "Confidential—Attorneys' Eyes Only" under this protective order;

    (c)    "destroy" means to shred or delete information received.

    (d)    "document" means information disclosed or produced in discovery, including at a deposition;

    (e)    "notice" or "notify" means written notice, including email;

    (f)    "party" means a party to this action; and

    (g)    "protected document" means a document protected by a privilege or the work-product doctrine.

**3**    **Designating a Document or Deposition as Confidential.**

    (a)    In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "confidential" or "Confidential—Attorneys' Eyes Only," as defined by this order.

    (b)    No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed;

    (c)    The types of information eligible for protection under this Order. The parties expect to exchange and designate the following information as confidential:

        (1)    Proprietary corporate trade secrets of the CRA Defendants regarding their credit file databases;

(2)     policies and procedures regarding the receiving, maintaining dispute investigations, and reporting of confidential credit information;

(3)     confidential research, development, technology, or other proprietary information about credit reporting belonging to the Defendants;

(4)     confidential partner/vendor agreements between the Defendants and third parties;

(5)     confidential information about Plaintiff furnished to the CRA Defendants by Defendant NewRez and maintained by NewRez;

(6)     NewRez's policies and procedures regarding forbearance, loan modifications, and credit reporting;

(7)     personal, income, medical, credit, or other confidential information belonging to Plaintiff.

(d)     The corporate Defendants have a particularized interest in maintaining their trade secret and proprietary information as described in 3(c) for competitive and business reasons. Plaintiff has a good cause interest in maintaining his privacy, personal identifying information, such as social security number, address, and date of birth, as well as his income and other private personal information. The parties believe it is appropriate for the need for confidential protections to be addressed by court order so that the Court will be in position to enforce the agreement between the five parties.

(e)     A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.  If a party or non-party disclosing or producing a document believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the producing party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the producing [arty may designate those particular documents as "Confidential—Attorneys' Eyes Only."

(f)     A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential" or "Confidential—Attorneys' Eyes Only." Deposition testimony may be designated as confidential

"Confidential—Attorneys' Eyes Only":

 (1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

(g) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**4** **Who May Receive a Confidential Document.**

(a) "All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

(b) All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described below in Paragraphs 3(c), 4(d), and 7(b) and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

(c) No person receiving a confidential document may reveal it, except to:

 (1) a Party to this case, if an individual;

 (2) the court and its staff;

 (3) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the

preparation of this litigation;

(4)    a person shown on the face of the confidential document to have authored or received it; a court reporter or videographer retained in connection with this action;

(5)    any juror or alternative juror;

(6)    Experts retained in connection with this action;

(7)    fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information and who have executed the "Acknowledgement of Understanding" (Exhibit A);

(8)    present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

(9)    Professional jury, trial consultants, mock jurors, and professional vendors, who have received the "Acknowledgement of Understanding" (Exhibit A);

(10)   any person who is retained to assist a party or attorney with this action, who has received the "Acknowledgement of Understanding" (Exhibit A);

(d)   No person receiving a "Confidential—Attorneys' Eyes Only" document may reveal it, except to:

(1)    a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have executed the "Acknowledgement of Understanding" (Exhibit A);

(2)    the Court and its personnel;

(3)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement of Understanding" (Exhibit A);

(4)    experts specifically retained as consultants or expert witnesses in connection with this litigation who have executed the "Acknowledgement of Understanding" (Exhibit A);

(5)    Plaintiff may view documents designated as "Confidential – Attorneys' Eyes Only" without prior written consent of the designating entity or

individual in meetings or depositions provided that Plaintiff's counsel does not permit Plaintiff to retain physical or electronic copies of documents so designated;

(6)     the author of the document or the original source of the information.

(e)     If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**5     Correcting an Error in Designation.**  A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6     Use of a Confidential Document in Court.**

(a)     Filing.  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential or "Confidential—Attorneys' Eyes Only," and shall file them with the clerk under seal.  The parties shall comply with the Court's local rule governing filing under seal.  This protective order, however, does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with the Court's local rule governing the filing of sealed documents.

(b)     Trial. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

**7     Changing a Confidential Document's Designation.**

(a)     Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)     Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)  Changing a designation by court order.  If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days from the date the challenge is made.  If the parties cannot agree after they meet and confer, the designating party may file a motion seeking entry of a protective order concerning the specific document, seeking to have the Court designate it as confidential.  That motion shall be filed no later than 21 (twenty-one) days after the parties meet and confer as discussed earlier in this paragraph.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d)  If the motion affects a document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8    Handling a Confidential Document after Termination of Litigation.**

(a)  Within 30 days after the termination of this action (including any appeals), all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the producing party or destroyed.

(b)  Notwithstanding Paragraph 7(a), for a period of up to 6 years after termination of this action (including any appeals) and solely for use in a malpractice dispute arising out of this matter between the attorney or that attorney's law firm and their client in this matter, each attorney may retain a copy of any confidential document and each attorney may retain records. After that period, the documents and records shall be returned to the Producing Party or destroyed.

**9    Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)  Notice.

(1)  A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or

protection is not waived.

    (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    **Handling of Protected Document.**  A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10**    **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**    **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED**.

AGREED TO:

| | |
|---|---|
| */s/ Jenna Dakroub*<br>Jenna Dakroub, CA # 350170<br>CONSUMER JUSTICE LAW FIRM<br>16130 Ventura Blvd., Suite 300<br>Encino, CA 91436<br>T: (602) 807-1525<br>F: (480) 613-7733<br>E: jdakroub@consumerjustice.com | */s/ Kyle Pietrzak*<br>Kyle Pietrzak. (SBN 268739)<br>Quilling, Selander, Lownds, Winslett & Moser, P.C.<br>6900 N. Dallas Parkway, Suite 800<br>Plano, TX 75024<br>T: (214) 560-5458<br>E: kpietrzak@qslwm.com |
| *Attorneys for Plaintiff,*<br>*Steven Aguiar* | *Attorneys for Defendant,*<br>*Trans Union LLC* |
| */s/ Jennifer R. Brooks*<br>Jennifer R. Brooks (State Bar No. 305219)<br>SEYFARTH SHAW LLP<br>2323 Ross Avenue, Suite 1660 | */s/ Allison M. Scott*<br>Allison M. Scott (Bar No. 305989)<br>HUSCH BLACKWELL LLP<br>355 S. Grand Avenue, Suite 2850 |

Dallas, TX 75201
T: (469) 608-6730
E: jrbrooks@seyfarth.com

*Attorneys for Defendant,*
*Equifax Information Services LLC*


<u>/s/ Nicholas Aalberg</u>
Nicolas Aalberg
JONES DAY
naalberg@jonesday.com
90 South Seventh Street
Suite 4950
Minneapolis, Minnesota 55402
T: +1.612.217.8800
F: +1.844.345.3178
*Admitted Pro Hac Vice*

Nicholas Rawls, Bar No. 349996
JONES DAY
nrawls@jonesday.com
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071.2452
T: +1.213.489.3939
F: +1.213.243.253

*Attorneys for Defendant,*
*Experian Information Solutions, Inc.*

Los Angeles, California 90071
T: (213) 337.6550
F: (213) 337.6551
E: allison.Scott@huschblackwell.com

*Attorneys for Defendant,*
*Newrez LLC d/b/a Shellpoint Mortgage*
*Servicing*

Jenna Dakroub, CA # 350170
**CONSUMER JUSTICE LAW FIRM**
16130 Ventura Blvd., Suite 300
Encino, CA 91436
T: (602) 807-1525
F: (480) 613-7733
E: jdakroub@consumerjustice.com

*Attorney for Plaintiff*
*Steven Aguiar*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Aguiar, | Case No.: 2:24-cv-02403-TLN-CSK |
| Plaintiff, | District Judge Troy L. Nunley |
| v. | **EXHIBIT A** |
| Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union LLC, Newrez LLC d/b/a Shellpoint Mortgage Servicing | |
| Defendants. | |

## ACKNOWLEDGEMENT OF UNDERSTANDING

I have read and understand the protective order in the case captioned [      ] case no. [

] in the United States District Court for the [            ]. As soon as my work in connection

with that action has ended, but not later than 30 days after the termination of that action (including

any appeals), I will return or destroy any confidential document that I received, any copy of or

excerpt from a confidential document, and any notes or other document that contains information

from a confidential document.

Date: _____

_____
Signature

_____
Printed Name